# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39829 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Erika A. HEPFL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 24 September 2021

———————————

*Military Judge:* Bradley Morris; Andrew Norton (remand).

*Sentence:* Sentence adjudged on 6 November 2019 by GCM convened at Ellsworth Air Force Base, South Dakota. Sentence entered by military judge on 6 December 2019 and reentered on 15 June 2021: Bad-conduct discharge, confinement for 11 months, reduction to E-1, total forfeiture of pay and allowances, and a reprimand.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Major Amanda E. Dermady, USAF; Captain Sara J. Hickmon, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Brian E. Flannigan, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge KEY and Judge ANNEXSTAD joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

GOODWIN, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with her pleas and pursuant to a plea agreement, of one charge and three specifications of wrongful use of controlled substances on divers occasions, one specification of wrongful distribution of a controlled substance on divers occasions, and one specification of wrongful introduction of a controlled substance onto Ellsworth Air Force Base (AFB), South Dakota, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The specifications pertained to offenses Appellant committed between 1 July 2018 and 23 July 2019. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 11 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.[3]

This case appears before this court for the second time. We previously remanded this case for resolution of a substantial issue with the convening authority's decision memorandum, which failed to take action on the sentence. *United States v. Hepfl*, No. ACM 39829, 2021 CCA LEXIS 233, at *7–8 (A.F. Ct. Crim. App. 14 May 2021) (unpub. op.). After our remand, the convening authority took no action on the findings and approved the sentence in its entirety. The convening authority again provided language for the adjudged reprimand. The military judge signed a corrected entry of judgment (EoJ) reflecting the approved findings and sentence, including the reprimand language. When we remanded the case, we deferred deciding Appellant's assignment of

---

[1] Unless otherwise noted, references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). Although some of Appellant's offenses under Article 112a, UCMJ, 10 U.S.C. § 912a, occurred prior to the effective date of the 2019 *MCM*, the prior version of Article 112a, UCMJ, is the same as the one found in the 2019 *MCM*.

[2] In accordance with the terms of the plea agreement, one specification of wrongful use of a controlled substance, one charge with one specification of incapacitation for performance of duties, and one charge with one specification of providing alcohol to underage Airmen were withdrawn and dismissed without prejudice.

[3] Appellant elected to be sentenced under the sentencing procedures that went into effect on 1 January 2019, and the agreement permitted the military judge to sentence Appellant to a maximum period of confinement for 15 months for the introduction and distribution offenses. The military judge sentenced Appellant to two terms of confinement for five months, one term of confinement for six months, one term of confinement for eight months, and one term of confinement for eleven months, all of which ran concurrently in accordance with the terms of the plea agreement. *See* R.C.M. 1002(d)(2)(B).

error, made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that her sentence is inappropriately severe.

Finding no error materially prejudicial to Appellant's substantial rights, we affirm the findings and sentence.

## I. BACKGROUND

Between on or about 1 July 2018 and on or about 23 July 2019, Appellant regularly used illegal drugs, including cocaine, "methylenedioxymethamphetamine" (MDMA),[4] and lysergic acid diethylamide (LSD). Appellant used these drugs with multiple other Airmen who were stationed at Ellsworth AFB. Appellant also introduced cocaine onto Ellsworth AFB with the intent to distribute it, and she distributed cocaine to other Airmen on divers occasions. Appellant assisted another Airman in an attempt at avoiding urinalysis detection. After consuming cocaine with Appellant in a group of four Airmen, Appellant's then-boyfriend was hospitalized for drug-related seizures; Appellant's cocaine and MDMA use increased in frequency after this hospitalization. On multiple occasions after using illegal drugs, Appellant reported illness and was placed on quarters.[5,6]

Appellant was ordered into pretrial confinement, which included both a civilian confinement facility and a military confinement facility. While in the

---

[4] The correct name for this drug is 3,4-methylenedioxymethamphetamine. *See* Schedules of Controlled Substances, 21 U.S.C. § 812. Appellant has not asserted she was misled by the specification and we perceive no prejudice arising from this error. *See, e.g.*, *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (explaining that the military is a "notice pleading jurisdiction").

[5] Appellant was charged with violating Article 112, UCMJ, 10 U.S.C. § 912, by being incapacitated for performance of her duties on divers occasions as a result of previous overindulgence in drugs. This charge (Charge II) and its specification were withdrawn and dismissed pursuant to Appellant's plea agreement.

[6] Although Appellant does not raise the issue as an assignment of error, we note that, under the terms of her plea agreement, Specification 4 of Charge I, Charge II and its Specification, and Charge III and its Specification were withdrawn without prejudice after acceptance of Appellant's pleas. However, the plea agreement states that these dismissals "will ripen into dismissal with prejudice upon action by the Convening Authority." The EoJ does not reflect dismissal *with prejudice*. The Chief Trial Judge, Air Force Trial Judiciary, is directed to detail a military judge correct the EoJ accordingly and prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).

civilian facility, Appellant wore the standard striped jail uniform. When Appellant returned to Ellsworth AFB for appointments other than those with defense counsel, she wore the striped jail uniform. Appellant's diet during pretrial confinement caused weight gain while in the civilian facility and subsequent weight loss while in the military facility.[7]

Appellant experienced significant pre-service trauma as a minor and as a young adult. In addition to her personal trauma, Appellant's mother was murdered when Appellant was 19 years old, and the crime attracted media attention. After Appellant's mother's murder, a white supremacist group published a shockingly offensive commentary about the murder that also identified Appellant's social media profile.

## II. DISCUSSION

Appellant argues on appeal that her punitive discharge was inappropriately severe. Without citing specific cases, Appellant compares her sentence to "the majority of other Airmen court-martialed for similar offenses" and asks this court to remove her bad-conduct discharge. We disagree with Appellant's arguments and accordingly deny relief.

## A. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). We consider whether the Appellant's sentence was appropriate "judged by 'individualized consideration' of the [Appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

---

[7] As part of her plea agreement, Appellant waived all waivable motions, including a previously filed Article 13, UCMJ, 10 U.S.C. § 813, motion. Having waived the Article 13 motion, Appellant presented evidence regarding her pretrial confinement conditions in mitigation and in her request for clemency.

A Court of Criminal Appeals is "required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)).[8] When arguing sentence disparity and asking this court to compare her sentence with the sentences of others, an appellant bears the burden of demonstrating those other cases are "closely related" to hers, and if so, that the sentences are "highly disparate." *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). In *Lacy*, our superior court observed,

> Under Article 66(c), [UCMJ, 10 U.S.C. § 866(c),] Congress has furthered the goal of uniformity in sentencing in a system that values individualized punishment by relying on the judges of the Courts of Criminal Appeals to "utilize the experience distilled from years of practice in military law to determine whether, in light of the facts surrounding [the] accused's delict, his sentence was appropriate. In short, it was hoped to attain *relative* uniformity rather than an arithmetically averaged sentence."

*Id.* (second alteration in original) (quoting *United States v. Olinger*, 12 M.J. 458, 461 (C.M.A. 1982) (additional citation omitted)). This court's sentence appropriateness analysis first focuses on whether an appellant has demonstrated a case that is "closely related" to her own. *See id.* Cases are closely related when, for example, they include "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared . . . ." *Id.* If an appellant carries that burden, then the Government must show a rational basis for the sentence differences. *Id.*

## B. Analysis

We first examine Appellant's assertion that her sentence was inappropriately severe when compared to "the majority of other Airmen court-martialed for similar offenses." We find that Appellant does not identify a case that is

---

[8] In *United States v. Ballard*, our superior court indicated that "some of [its] cases have tended to suggest that a [lower] court's reference to the sentences in other cases is flatly improper." 20 M.J. 282, 286 (C.M.A. 1985) (citations omitted). Nonetheless, *Ballard* looked favorably upon "the experienced and professional military lawyers who find themselves appointed as trial judges and judges on the courts of military review" and who develop a "solid feel for the range of punishments typically meted out in courts-martial." *Id. Ballard* expressed "confidence that this accumulated knowledge is an explicit or implicit factor in virtually every case in which . . . a court of military review assesses for sentence appropriateness." *Id.*

closely related to her own that would then require the Government to show a rational basis for any sentence differences. *See Lacy*, 50 M.J. at 288.

Despite Appellant not having met her burden to demonstrate a case that is closely related to her own for comparison, we nonetheless "utilize the experience distilled from years of practice in military law" as our superior court permits. *See id.*; *Ballard*, 20 M.J. at 286. We have also given individualized consideration to Appellant, the nature and seriousness of her offenses, her record of service, and all other matters contained in the record of trial—including her substantial pre-service trauma and conditions of pretrial confinement.

In addition to matters in extenuation and mitigation, evidence at trial showed that Appellant's extensive illegal drug use, introduction of cocaine onto Ellsworth AFB, and distribution of cocaine to other Airmen had a significant negative impact on other Airmen and on good order and discipline. Moreover, Appellant's recreational drug use continued even after she was aware she was under investigation, she had witnessed her then-boyfriend suffer an overdose-induced seizure, and she had tested positive in a urinalysis. Appellant's adjudged sentence included 11 months of confinement and a bad-conduct discharge compared with the maximum punishment of 45 years of confinement and a dishonorable discharge for the offenses to which she pleaded guilty. The military judge also sentenced Appellant to less than the maximum allowable under her plea agreement. Consequently, we find the approved sentence clearly within the discretion of the convening authority, appropriate in this case, and not inappropriately severe.

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[9,10] Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d).

---

[9] Appellate defense counsel noted three minor errors in the record of trial and stated that he does not believe those errors prejudiced Appellant's rights. We also note those errors as well as additional scrivener's errors in the trial transcript. These errors do not affect Appellant's rights or cause her any prejudice.

[10] During the providence inquiry, the military judge noted a potential flaw in Specification 6 of Charge I, its failure to follow the model specification from the *Manual for Courts-Martial* for wrongful introduction of a controlled substance under Article 112a, UCMJ. As drafted, the specification fails to include the location of the offense between the word "did" and the words "between on or about." The military judge noted that the location of the offense—Ellsworth Air Force Base, South Dakota—was specified in the

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

"to wit" clause as the location where Appellant introduced a controlled substance. Appellant waived any issue regarding the wording of the specification and agreed to proceed without a change to the specification. We find that this specification provided Appellant sufficient notice of the allegation against her and sufficiently stated the location of the offense, despite not following the model specification.